IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| JAMES WILBOURN, individually and as representative of all persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:17cv143-MPM-JMV |
| v. | ) ) ) | ORIGINAL COMPLAINT CLASS ACTION (JURY TRIAL DEMANDED) |
| BROWNING ARMS COMPANY, | ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff James Wilbourn, individually and as representative of all persons similarly situated, and brings this action against Defendant Browning Arms Company (hereinafter "Browning" or "Defendant").

## INTRODUCTION

1. This is a proposed class action brought by Plaintiff on behalf of himself and the below-defined Class against Defendant to obtain damages and injunctive relief arising from and relating to their purchase of Defendant's firearms coated with Defendant's Dura-Touch® Armor Coating ("Dura-Touch" or "Dura-Touch Coating").

2. This class action arises out of Defendant's application of Dura-Touch to many models of its firearms, including the shotguns owned by Plaintiff and the other class members.

3. According to Defendant, its Dura-Touch Coating is "a unique stock treatment specifically designed to improve the grip and overall feel of a rifle or shotgun while protecting the stock with an armor-like finish." Defendant touts its Dura-Touch Coating as creating a "very tactile" grip for its firearms, and that it is suitable for use "in all weather conditions and temperature ranges, in addition to being extremely durable."

4. Despite Defendant's claims that its firearms coated with Dura-Touch as being "extremely durable," after several years of use, the Dura-Touch Coating degrades to the point where it because extremely sticky to the touch, which impacts the ability of Plaintiff and the Class Members to use their Browning Arm Company firearm.

5. Defendant's tortious behavior with respect to its manufacturing, marketing and sale of its firearms with the Dura-Touch Coating has caused Plaintiff and the other Class members to suffer direct financial harm. Plaintiff's purchases of products not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by Defendant nor the reasonable expectations of ordinary consumers.

6. Plaintiff asserts claims individually and on behalf of the other members of the proposed Class.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A) and (C). This case is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. Plaintiff, individually, and those similarly situated, as more particularly set forth below, include citizens of States other than Utah, and Defendant, as more particularly set forth below, is a citizen of Utah.

8. Venue is proper in the Northern District of Mississippi under 28 U.S.C. § 1391(b)(1) and (2). The Defendant is a resident of this District under 28 U.S.C. § 1391(c)(2) in that they are each entities subject to this court's personal district.

9. Venue is also proper in this District because Defendant has marketed, sold or otherwise disseminated, and continues to market, sell or otherwise disseminate its firearms coated with its Dura-Touch® Armor Coating.

## PARTIES

10. Plaintiff James Wilbourn is an adult resident of Quitman County, Mississippi.

11. Defendant Browning Arms Company is a Utah company headquartered in Morgan County, Utah. Browning may be served via its registered agent at: Kevin L. Rowe, Esq., 170 South Main Street, Suite 1500, Salt Lake City, Utah 84101.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant is a preeminent manufacturer and distributor of firearms in the United States, and many of its firearms retail at over a thousand dollars.

13.     According to Defendant, its Dura-Touch Coating is "a unique stock treatment specifically designed to improve the grip and overall feel of a rifle or shotgun while protecting the stock with an armor-like finish."

14.     Defendant knows that many purchasers of its firearms, including purchasers of its firearms containing the Dura-Touch Coating, are hunters who will be using its firearms in the outdoors. As such, Defendant touts its Dura-Touch Coating as creating a "very tactile" grip for its firearms, and that it is suitable for use "in all weather conditions and temperature ranges, in addition to being extremely durable."

15.     Contrary to Defendant's assertions that its Dura-Touch Coating is "extremely durable" and suitable for use in "all weather conditions and temperature ranges," the Dura-Touch Coating degrades after a few years of use.

16.     The Dura-Touch Coating degrades to the point where it becomes extremely sticky to the touch, impacting the firearm's grip and affecting the ability of Plaintiff and other Class members to use the firearm for its intended purpose.

17.     Defendant's current catalog lists over 25 firearms which come coated with Dura-Touch, including shotguns in its Maxus, A5, Silver, BPS, Gold lines as

well as Rifles in its X-Bolt line.[1]

18. Upon information and belief, Defendant has sold firearms coated with Dura-Touch for at least 10 years.

19. Upon information and belief, Defendant is aware of this issue with its Dura-Touch Coating, yet continues to manufacture, sell and distribute firearms coated with Dura-Touch without informing its purchasers that the Dura-Touch Coating will degrade after a few years of use.

20. In order to remove the Dura-Touch Coating, Plaintiff and other members of the Class will have to either pay another company to strip the Dura-Touch Coating from the firearm and "re-dip" those parts in another coating, or to purchase replacement parts for their Browning Shotguns at significant cost to Plaintiff and Class members.

## FACTS SPECIFIC TO PLAINTIFF

21. Plaintiff owns two Browning Silver shotguns and two Browning Maxus shotguns, all four of which have stocks coated in the Dura-Touch Coating (collectively, the "Browning Shotguns").

22. Plaintiff used his Browning Shotguns to hunt a variety of fowl in the Mississippi outdoors. Plaintiff used his Browning Shotguns in a manner anticipated

---

[1] http://www.browning.com/content/dam/browning/support/print-catalogs/2017/2017-browning-catalog-firearms.pdf

by the Defendant, who claims that its Dura-Touch coating is suitable for "all weather conditions and temperature ranges."

23. Despite using his Browning Shotguns in the manner anticipated by Browning, Plaintiff noticed in Fall of 2015 that his Browning Shotguns were becoming extremely sticky.

24. Over the next year, the problem worsened to the point where Plaintiff's ability to grip his Browning Shotguns was affected because the sticky forearms and stocks were uncomfortable to hold.

25. Plaintiff called his local Browning dealer to inform them that he was having problems with his Browning Shotguns, and an employee of the dealer said, "Let me guess, they're sticky, right?"

26. Plaintiff shipped one of his Browning Shotguns—a Browning Silver— through his local dealer to Browning in Fall of 2016, and Browning has neither repaired nor returned his firearm.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure Rule 23. The requirements of Fed. R. Civ. P. 23(a), (b)(3) and (c)(4) are met with respect to the classes defined as:

> **all United States Persons who have purchased any Browning firearm containing the Dura-Touch Coating from January 1, 2007 through the filing date of this complaint.**

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Browning Arms Company, its affiliates, employees, officers and directors, persons or persons that distribute or sell Browning Arms Company firearms or other products; (c) all persons who properly execute and file a timely request for exclusion from the Classes; and (d) the attorneys of record in this case.

28. *Numerosity*: The Classes are composed of thousands of persons geographically dispersed, the joinder of whom in one action is impractical.

29. *Commonality*: Defendant's practices and omissions were applied uniformly to all members of the Class, so that the questions of law and fact are common to all members of the Clan. Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual issues include, but are not limited to, the following:

    a. Whether Defendant's design, manufacturing, advertising and/or sale of its firearms coated with Dura-Touch was negligent;

    b. Whether Defendant represented and warranted that its firearms coated with Dura-Touch complied with their label descriptions and/or were fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by Defendant nor the reasonable expectations of ordinary consumers;

    c. Whether Defendant knew or should have known that its Dura-Touch Coating was defective and/or did not conform with its advertisements

      or label descriptions;

  d. Whether Defendant breached its implied warranties to Plaintiff and other Class members with respect to its firearms which were coated with Dura-Touch;

  e. Whether, as a result of Defendant's representations, Plaintiff and the other Class members have suffered damages, and, if so, the appropriate measure of those damages to which they are entitled;

  f. Whether, as a result of Defendant's conduct, Defendant was unjustly enriched;

  g. Whether Plaintiff and Class members are entitled to punitive damages; and

  h. Whether, as a result of Defendant's misconduct, Plaintiff and the other Class members are entitled to equitable and/or other relief, and, if so, the nature of such relief.

30. *Typicality*: Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and each of the other Class members have been injured by the same wrongful practices and actions of the Defendant. Plaintiff's claims arise from the same practices and course of conduct that give rise to the other Class members' claims and are based on the same legal theories.

31. *Adequate Representation*: Plaintiff will fully and adequately assert and protect the interests of the other Class members. In addition, Plaintiff has retained class counsel who are experienced and qualified in prosecuting class action cases similar to this one. Neither Plaintiff nor its attorneys has any interests contrary to or conflicting with other Class members' interests.

32. *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court and Courts throughout the country would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

33. Defendants have also acted or failed to act on grounds generally applicable to the class as a whole, thereby making certification under Fed. R. Civ. P. 23(b)(2) appropriate.

## CAUSES OF ACTION

### COUNT I – Negligence and/or Wantonness

34. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth

herein.

35. Defendant had a duty to Plaintiff and to members of the Class to design, manufacture and sell products with conform to their intended and advertised purposes.

36. Defendant breached this duty by failing to exercise ordinary and reasonable care in the manufacture and sale of its firearms coated with Dura-Touch.

37. The negligence or wantonness of Defendant, its agents, servants and/or employees, includes the foregoing as well as the following acts and/or omissions:

   a. Designing, manufacturing, distributing, marketing and/or selling firearms coated with Dura-Touch without adequately testing its long-term performance for its ordinary, intended and advertised purposes; and

   b. Negligently or wantonly concealing information concerning the defective nature of the Dura-Touch Coating.

38. Plaintiff and the Class members have been damaged because the Dura-Touch performance does not perform its ordinary and intended purposes.

39. Plaintiff and the Class members' damages were proximately caused by Defendant's negligence.

40. Plaintiff and the Class members have also been damaged as a direct and proximate result of the negligence, carelessness, recklessness, willfulness and/or

wantonness of Defendants as aforesaid.

41. As Defendant's conduct was grossly negligent, reckless, willful, wanton, intentional, fraudulent or the like, Plaintiff and the class members are entitled to an award of punitive damages.

## COUNT II – Breach of Implied Warranties

42. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

43. At all times relevant to, there was a duty imposed by law which requires a manufacturer's or seller's product to be reasonably fit for the purposes for which such products are used and that the product be acceptable in trade for the product description.

44. Defendant breached this duty by selling firearms coated with Defendant's Dura-Touch coating which were not merchantable.

45. Defendant was notified that its product was not merchantable within a reasonable time after the defect manifested itself to Plaintiff and the members of the Class.

46. As a result of the non-merchantability of Defendant's firearms coated with Dura-Touch, Plaintiff and other Class members sustained a loss or damages.

## COUNT III – Fraudulent Misrepresentation

47. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

48. Defendant falsely and fraudulently represented to Plaintiff, the Class members, and/or the consuming public in general that Defendant's products would be free from defects and fit for their customary and normal use.

49. Defendant made false and fraudulent representations about its Dura-Touch Coating, including representations regarding its durability and suitability for use in all weather conditions and temperature ranges, to Plaintiff, Class members and/or their agents or predecessors, as set forth in this complaint.

50. When said representations were made by Defendant, upon information and belief, they knew those representations to be false and they willfully, wantonly and recklessly disregarded whether the representations were true.

51. These representations were made by Defendant with the intent of defrauding and deceiving the Plaintiff, Class members and/or the consuming public, all of which evinced reckless and/or willful indifference to the Plaintiff and Class members.

52. At the time of the aforesaid representations, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed

them to be true.

53. Defendant knew and was aware, or should have been aware, that Defendant's Dura-Touch Coating was defective and not fit for its customary and normal use.

54. Defendant brought its products containing its Dura-Touch Coating to market and acted fraudulently, wantonly and/or maliciously to the detriment of Plaintiff and the Class members.

55. In reliance upon these representations, Plaintiff and Class members purchased Defendant's firearms coated in Dura-Touch.

56. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this complaint.

57. As a direct and proximate result of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT IV – Negligent Misrepresentation

58. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

59. Defendant made representations about its Dura-Touch Coating, including representations regarding its durability and suitability for use in all weather conditions and temperature ranges, to Plaintiff, Class members and/or their agents or predecessors, as set forth in this complaint.

60. Those representations were false.

61. When Defendant made these representations, it knew they were untrue or it had a reckless disregard for whether they were true, or should have known they were untrue.

62. Defendant knew that Plaintiff, Class members and/or their agents or predecessors were relying on its representations.

63. In reliance upon these representations, Plaintiff and Class members purchased Defendant's firearms coated in Dura-Touch.

64. As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members have been damaged as set forth in this complaint.

65. As a direct and proximate result of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT V – Fraudulent Omission/Concealment

66. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

67. Defendant knew or should have known that its Dura-Touch Coating was defective in design, was not fit for their ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by Defendant nor the reasonable expectations of ordinary consumers.

68. Defendant fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the Class members that the Dura-Touch Coating is defective.

69. Defendant had exclusive knowledge of the defective nature of the Dura-Touch Coating at the time of sale. The defect is latent and not something that Plaintiff or Class members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

70. Defendant had the capacity to, and did, deceive Plaintiff and Class members into believing they were purchasing firearms coated with Dura-Touch which were free from defects.

71. Upon information and belief, Defendant undertook active and ongoing steps to conceal the defect in its Dura-Touch Coating. Plaintiff is aware of nothing

in Defendant's advertising, publicity or marketing materials that disclosed the truth about the defect, despite Defendant's awareness of the problem.

72. The facts concealed and/or not disclosed by Defendant to Plaintiff and the Class members are material facts in that a reasonable person would have considered them important in deciding whether to purchase (or to pay the same price for) a firearm coated with Dura-Touch.

73. Defendant intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiff and the Class members to act thereon.

74. Plaintiff and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of Defendant's firearms coated with Dura-Touch.

75. Plaintiff and Class members suffered a loss of money in an amount to be proven at trial as a result of Defendant's fraudulent concealment and nondisclosure because: (a) they would not have purchased Defendant's firearms coated with the defective Dura-Touch Coating on the same terms if the true facts concerning the Dura-Touch Coating's defect had been known; (b) they paid a premium due to the fact that they paid a price premium due to the fact that the Defendant's firearms, including the Dura-Touch Coating would be free from defects; and (c) the Dura-Touch Coating did not perform as promised. Plaintiff would have also initiated this suit earlier had the defect been disclosed to him.

76. By reason of the foregoing, Plaintiff and the Class members suffered, and continue to suffer, financial damage and injury.

### COUNT VI – Unjust Enrichment

77. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

78. Plaintiff and Class members conferred a benefit on Defendant when they purchased firearms from Defendant.

79. Defendant has been unjustly enriched in retaining the revenues derived from Class members' purchases of Defendant's firearms, the retention of which under these circumstances in unjust and inequitable because Defendant's Dura-Touch Coating is defective in design, was not fit for its ordinary and intended use, and performed in accordance with neither the advertisements, marketing materials and/or warranties disseminated by Defendants nor the reasonable expectations of ordinary consumers and caused the Plaintiff and Class members to lose money as a result thereof.

80. Plaintiff and Class members suffered a loss of money as a result of Defendant's unjust enrichment because: (a) they would not have purchased Defendant's firearms coated in Dura-Touch on the same terms if the true facts concerning the defect in said Dura-Touch had been known; (b) they paid a price

premium due to the fact that the Defendant's firearms, including the Dura-Touch Coating would be free from defects; and (c) the Dura-Touch Coating did not perform as promised.

81. Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

82. Plaintiff and the Class members are entitled to restitution of, disgorgement of, and/or the imposition of the constructive trust upon, all profits, benefits, and other compensation obtained by the Defendant from their deceptive, misleading and unlawful conduct.

### COUNT VII – Declaratory Relief 28 U.S.C. § 2201

83. Plaintiff, on behalf of himself and all others similarly situated, adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

84. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2). Plaintiff seeks a ruling that :

    a. Defendant's Dura-Touch Coating has a latent defect in that the coating

      degrades after several years of ordinary and intended use of Defendant's firearms;

b. Said defect is not detectable until after any warranty provided by Defendant has expired;

c. Defendant will cease the sale or distribution of firearms or other products coated with its Dura-Touch Coating until such time as said defect has been corrected; and

d. Defendant will recall and/or repair all such firearms containing the Dura-Touch Coating which it sold or distributed since January 1, 2007.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for a judgment against Defendant as follows:

a. For an order certifying the Class, pursuant to Fed. R. Civ. Pr. Rule 23, appointing Plaintiff as representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. For compensatory damages sustained by Plaintiff and the Class;

c. For equitable and/or injunctive relief for the Class;

d. For payment of costs of suit herein incurred;

e. For both pre-judgment and post-judgment interest on any amounts awarded;

f. For punitive damages;

g. For payment of reasonable attorneys' fees and expert fees as may be

allowable under applicable law; and

h. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and on behalf of the Class members, hereby demands a trial by jury as to all issues so triable.

> Respectfully Submitted,
>
> */s/ Erik Heninger* (MSB No. 100951)
> ERIK HENINGER
> Attorney for Plaintiff

*Of Counsel:*
HENINGER, GARRISON, DAVIS, LLC
2224 1st Avenue North
P. O. Box 11310 (35202)
Birmingham, Alabama 35203
205-326-3336 (phone)
205-326-3332 (facsimile)
erik@hgdlawfirm.com

*Motions for Pro Hac Vice will be filed for the following additional counsel for Plaintiff and Class:*
*W. Lewis Garrison, Mark Ekonen, Travis Lynch, Anna Carroll*